IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CARLIA STANDBACK, | * |
| Plaintiff, | * |
| vs. | * |
| GWR MANAGEMENT LLC, *et al.*, | *   CASE NO. 4:25-CV-231 (CDL) |
| Defendants. | * |

O R D E R

Carlia Standback alleges that she was injured due to a fire in her apartment. Standback, a Georgia citizen, brought a premises liability action against GWR Management LLC, GWR Flat Rock Partners LLC, and Renee King, asserting that all three Defendants "owned, controlled, and/or managed" her apartment complex and that they breached their duty to maintain the premises. Compl. ¶ 7, ECF No. 1-1. Standback filed the action in the Superior Court of Muscogee County, and Defendants removed the action to this Court.

King, like Standback, is a Georgia citizen, so complete diversity does not exist on the face of the complaint. Defendants argue that Standback fraudulently joined King to defeat federal diversity jurisdiction, so the Court should disregard King's citizenship in determining whether diversity jurisdiction exists. Standback contends that King is a proper defendant in this action, and she filed a motion to remand. As discussed below, the Court

finds that Defendants did not establish by clear and convincing evidence that King was fraudulently joined. Accordingly, the Court grants Standback's motion to remand (ECF No. 10).

## DISCUSSION

A state court action may be removed to federal court if diversity jurisdiction exists. 28 U.S.C. § 1441(a). "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). But if "a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court" based on fraudulent joinder. *Id.* To establish fraudulent joinder, a defendant must demonstrate by clear and convincing evidence "either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Here, Defendants contend that there is no possibility that Standback can establish a premises liability cause of action

against King because King was not an owner or occupier of the apartment complex within the meaning of O.C.G.A. § 51-3-1.

To determine whether a resident defendant has been fraudulently joined, the Courts consider "the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). The proceeding to resolve "a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment." *Id.* at 1322-23 (quoting *Crowe*, 113 F.3d at 1538). In such a proceeding, all fact disputes must be resolved in favor of the plaintiff. *Id.* at 1323. If the facts demonstrate that the resident defendant was fraudulently joined, then the Court should disregard the non-diverse defendant in assessing whether complete diversity exists.

In this action, Standback asserts negligence claims against Defendants, including King. Although the complaint does not specifically identify the source of the duty that Defendants allegedly breached, Standback argues in her motion to remand that Defendants had a duty to her under O.C.G.A. § 51-3-1, which imposes liability on "an owner or occupier of land" who fails "to exercise ordinary care in keeping the premises and approaches safe."[1] Under

---

[1] Standback did not invoke O.C.G.A. § 44-7-14, which governs a "landlord's" liability for injuries resulting from the landlord's

3

Georgia law, the manager of a property with supervisory control over the premises may be subject to liability under O.C.G.A. § 51-3-1. *See Moon v. Homeowners' Ass'n of Sibley Forest*, 415 S.E.2d 654, 657 (Ga. Ct. App. 1992) (finding that a company president who rented his neighborhood's pool for a party that he hosted owed his guests a duty to protect them from the reasonably anticipated misconduct of his other guests); *Norman v. Jones Lang Lasalle Ams., Inc.*, 627 S.E.2d 382, 385 n.2 (Ga. Ct. App. 2006) (noting that a property management company was undisputedly responsible for "inspecting, maintaining, and repairing the premises" but finding that the property management company did not have superior knowledge of the hazard); *Poll v. Deli Mgmt., Inc.*, No. CIVA 1:07CV0959 RWS, 2007 WL 2460769, at *7 (N.D. Ga. Aug. 24, 2007) (finding that a restaurant manager could be an "occupier" of the premises based on the complaint's allegations that he was an "occupier" who had "possession" and "control" over the premises).

Defendants concede that King was "the property manager" for the apartment complex. Notice of Removal ¶ 2, ECF No. 1; Defs.' Resp. to Pl.'s Mot. to Remand 16, ECF No. 12. Relying on King's declaration, Defendants argue that King was an employee of GWR Management LLC and that she did not have supervisory control over

---

failure to repair tenant-possessed property, while O.C.G.A. § 51-3-1 applies if a dangerous condition that caused injuries was in a landlord-possessed area of the premises. *Cham v. ECI Mgmt. Corp.*, 856 S.E.2d 267, 273 (Ga. 2021).

the apartment complex. King averred in her declaration that she had no ownership interest in the apartment complex and did not "personally install, control, or maintain" the fire suppression systems, fire extinguishers, or smoke alarms. King Decl. ¶¶ 4-7, ECF No. 1-6; *id.* ¶ 8 (stating that King did not "personally construct, control, or maintain" Standback's building). The declaration shows that King did not "personally" do any building maintenance. But King's declaration does not clearly address the precise allegation in Standback's complaint that King "controlled, and/or managed" the apartment complex. Compl. ¶ 7. The declaration does not unequivocally state that King, as the property manager, did not "manage" the apartment complex, and it does not unequivocally state that she lacked supervisory control over maintenance at the apartment complex. Accordingly, King's declaration does not establish, by clear and convincing evidence, that there is no possibility that Standback can establish a cause of action against King. Thus, the Court cannot find that King was fraudulently joined.

## CONCLUSION

As discussed above, because Defendants failed to prove by clear and convincing evidence that King was fraudulently joined, the Court cannot disregard King's citizenship. Thus, complete diversity does not exist, and the Court lacks subject matter jurisdiction over this action. Standback's motion to remand (ECF

5

No. 10) is granted, and the Clerk is directed to remand this action to the Superior Court of Muscogee County.

IT IS SO ORDERED, this 14th day of October, 2025.

S/Clay D. Land  
CLAY D. LAND  
U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA